**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| 5860-5888 WESTHEIMER LTD., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1327 |
| | § | |
| ORVIS HOUSTON, INC., *et al.,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This is a dispute between a landlord, the plaintiff, 5860-5888 Westheimer, Ltd., and

a former tenant, properly named as the Orvis Company, Inc.  The plaintiff moved on October

9, 2008 to enlarge the time set under this court's scheduling order to join parties and to

amend pleadings.  (Docket Entry No. 9).  The motion was filed six days after the October 3,

2008 deadline for adding parties and amending pleadings set in the court's scheduling order,

which was entered on August 22, 2008.  The plaintiff moves to extend the deadline and for

leave to amend its complaint to add a defendant, the entity with which Orvis negotiated a

new lease arrangement, and to assert a tortious interference claim.  For the reasons set forth

below, the motion is granted.

When the deadline for seeking leave to amend pleadings has expired, a court

considering a motion to amend must first determine whether to modify the scheduling order

under the Fed.R.Civ.P. 16(b)(4) good cause standard.  *See S & W Enters., L.L.C. v. South*

*Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec.7, 1998). If the movant satisfies the requirements of Rule 16(b)(4), the court must next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which states that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a) (2); *see S & W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL 874825, at *1.

A court assesses four factors in deciding whether to grant an untimely motion for leave to amend under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and brackets omitted). Applying these factors, the court concludes that the plaintiff has shown good cause and grants the motion for extension and leave to amend.

The primary reason the plaintiff gives for the six-day delay is the disruption to its counsel's practice resulting from Hurricane Ike. Although the plaintiff knew the identity of the proposed additional defendant, Alkitsa Investments, Limited, Inc., and could have amended earlier, the deadline for doing so was shortly after Hurricane Ike. The plaintiff's explanation for not meeting the scheduling order's deadline is satisfactory.

Second, the amendment could be important to the case by allowing the plaintiff to litigate all issues relating to Orvis's lease. Third, no unfair prejudice would result from the

amendment. The case is in an early stage and ample opportunity for discovery remains. Allowing the amendment will not cause significant delay. Because the court concludes that no unfair prejudice will result, the fourth factor is inapplicable. Assessing the factors together, the court concludes that the plaintiff has demonstrated good cause to modify the scheduling order to allow it to file the amended pleading.

Under the more liberal standard of Rule 15(a)(2), "[t]he court should freely give leave when justice so requires," Rule 15(a)(2), but leave to amend "is not automatic." *Matagorda Ventures Inc. v. Travelers Lloyds Inc. Co.*, 203 F.Supp.2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "whether there has been 'undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party, and futility of amendment.'" *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quoting *In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996)). In this case, there is no assertion of futility, bad faith, or dilatory motive. Orvis asserts that because the elements of the breach of contract claim asserted against it are different from the elements of the tortious interference claim that the plaintiff proposes to assert against Alkitsa, allowing the amendment would unnecessarily complicate the issues, waste judicial resources, and confuse the jury. (Docket Entry No. 13).

The claims against the proposed new defendant are sufficiently related to the claims against Orvis as to make it efficient to try them in the same case. Because the proposed

amendment is relatively early in the litigation, the delay that may result will not be "undue." And while the elements of breach of contract and tortious interference are distinct, many Texas cases involve both causes of action asserted against different defendants. The risk of jury confusion can be avoided by careful and clear instructions. The arguments Orvis raises are not sufficient to preclude amendment under Rule 15.

The plaintiff's motion for extension of the time to move for leave to join a party and amend is granted.

SIGNED on November 24, 2008, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge