## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| 5860-5888 WESTHEIMER LTD., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | §   CIVIL ACTION NO. H-08-1327 |
| | § |
| ORVIS HOUSTON, INC., *et al.,* | § |
| | § |
| Defendants. | § |

## MEMORANDUM AND ORDER

One of the two defendants in this case, Alkitsa Investments Limited, Inc., moves to dismiss for failure to state a claim. (Docket Entry No. 17). The plaintiff, 5860-5888 Westheimer, Ltd., has responded. (Docket Entry No. 19). Based on the pleadings, the motion and response, and the applicable law, this court grants the motion to dismiss but grants leave to amend. The reasons are explained below.

The only claim against Alkitsa Investments is tortious interference. Westheimer alleges that it had a lease agreement with the Orvis Company through May 31, 2011; that on January 18, 2008, Orvis notified Westheimer that it would be vacating the leased premises by May 31, 2008 and moving to a new location; that during the period Orvis said it was planning on moving to a new location, Orvis was negotiating with Alkitsa for new lease space; that Alkitsa "knew or had reason to know" of the lease between Orvis and Westheimer; and that on or about June 23, 2008, Orvis leased space from Alkitsa in a

different shopping center.  Westheimer alleges that Alkitsa "wilfully and intentionally interfered" with the amended lease agreement between Westheimer and Orvis.

In the answer and motion to dismiss, Alkitsa admits that it negotiated with Orvis for new lease space and that Alkitsa understood that Orvis was looking for new lease space because it needed more square footage.  Alkitsa moves to dismiss on the grounds that the amended complaint contains inadequate factual allegations.  Alkitsa argues that the amended complaint is "devoid of specific allegations that Alkitsa acted in any manner which allegedly interfered with plaintiff's purported contract with Orvis," or that Alkitsa "persuaded Orvis to breach its contractual relationship with" Westheimer.  (Docket Entry No. 17, at 9-10).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted."  FED. R. CIV. P. 12(b)(6).  The Supreme Court recently clarified the standards that apply in a motion to dismiss for failure to state a claim.  In *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007), the Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974; *Sonnier v. State Farm Mut. Auto. Ins. Co.*, __ F.3d __, No. 07-30098, 2007 WL 4260892, at *1 (5th Cir. Dec. 6, 2007) (quoting *Twombly*, 127 S. Ct. at 1974); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).  However, "a plaintiff is obligated to provide 'more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Bradley v. Phillips Petroleum Co.*, __ F. Supp. 2d __, No. H-05-3912, 2007 WL 4443876, at *2 (S.D. Tex. Dec. 18, 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65). "'Rule 8(a)(2) still requires a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Id.* (quoting *Twombly*, 127 S. Ct. at 1965 n.3). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1964–65); *Sonnier*, 2007 WL 4260892, at *1 (quoting *Twombly*, 127 S.Ct. at 1965). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 127 S. Ct. at 1966) (internal quotation marks omitted). Although material allegations in the complaint must be accepted as true and construed in the light most favorable to the nonmoving party, a court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *See Cuvillier v. Taylor,* 503 F.3d 397, 401 n. 4 (5th Cir.2007)

3

(*Twombly* retired the prior standard for reviewing adequacy of a complaint); *Knighton v. Merscorp, Inc.*, 2008 WL 5352004, 1 (C.A.5 (Tex. 2008)).

When a plaintiff's complaint must be dismissed for failure to state a claim, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "allegations of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted); *see also Great Plains Trust Co.*, 313 F.3d at 329; *Jacquez v. R.K. Procunier*, 801 F.2d 789, 792 (5th Cir. 1996).

Under Texas law, the essential elements of tortious interference with a contract are: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) the act was the proximate cause of plaintiff's damages; and (4) actual damage or loss. *John Paul Mitchell Sys. v. Randalls Food Markets, Inc.,* 17 S.W.3d 721, 730 (Tex. App.– Austin 2000, pet. denied) (citing *Texas Beef Cattle Co. v. Green,* 921 S.W.2d 203, 210 (Tex. 1996)). A willful act involves more than "simple participation in some act

4

with a breaching party." *See John Paul Mitchell Sys.,* 17 S.W.3d at 730. Instead, the defendant must knowingly induce one of the contracting parties to breach its obligations. *Browning-Ferris, Inc. v. Reyna,* 865 S.W.2d 925, 927 (Tex. 1993); *John Paul Mitchell Sys.,* 17 S.W.3d at 730 (citing *Davis v. HydPro, Inc.,* 839 S.W.2d 137, 139 (Tex. App. – Eastland 1992, writ denied)). There must be some act interfering with a contract or act persuading a party to a contract to breach; for example, offering better terms or other incentives. *Davis,* 839 S.W.2d at 139. Liability for intentional interference may not be based on a simple allegation that the defendant performed certain acts; instead, there must be a finding that the defendant performed certain acts with the knowledge or belief that interference with a contract would result. *See Southwestern Bell Tel. Co. v. John Carlo Tex., Inc.,* 843 S.W.2d 470, 472 (Tex. 1992).

In the present case, Westheimer does allege that Alkitsa "knew or had reason to know" of Orvis's lease agreement with Westheimer when Alkitsa was negotiating to lease Orvis space. But Westheimer does not allege that Alkitsa in any way induced Orvis to breach its agreement with Westheimer. Instead, Westheimer's allegations are that Orvis advised Westheimer in January 2008 that it was planning on moving to a new location and would be vacating the leased premises on May 31, 2008. Westheimer alleges that Orvis entered into a contract with Alkitsa for different lease space on June 23, 2008. The alleged timeline does not provide a plausible basis to find that Alkitsa induced Orvis to breach its lease with Westheimer, as opposed to Orvis having decided to leave the space it had leased

from Westheimer without inducement from Alkitsa.  Westheimer's allegation that Alkitsa "knew or had reason to know" of Orvis's lease agreement with Westheimer may "get[] the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" *Twombly*, 127 S. Ct. at 1966.

The motion to dismiss is granted.  However, Westheimer may amend no later than February 2, 2009.

SIGNED on January 6, 2009, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge